UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:10-CR-52-F1
No. 4:14-CV-21-F

| | |
|---|---|
| JIMMIE SYLVANOS WEST, JR., )<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>Respondent. ) | ORDER |

This matter is before the court on West's motion to vacate under 28 U.S.C. § 2255 [DE-40]. West contends that he was sentenced to a ten-year mandatory minimum sentence in violation of *Dorsey v. United States*, 132 S. Ct. 2321 (2012). The Government agrees that West was sentenced in violation of *Dorsey*, waives its statute of limitations defense, and consents to West's request for re-sentencing.

In *Dorsey*, the Supreme Court held that the Fair Sentencing Act's more lenient penalty provisions applied immediately to Defendants sentenced on or after August 3, 2010, the Act's effective date. *Id.* at 2335. This was so even in the circumstance where a Defendant committed the actual crime prior to August 3, 2010. *Id.* Here, West pled guilty to, among other things, possession with intent to distribute more than 50 grams of cocaine base, 21 U.S.C. § 841(a)(1). The presentence report concluded that were it not for the ten-year mandatory minimum associated with 50 grams of cocaine base, West's guideline imprisonment range would have been 70 to 87 months. Because of the statutory impact, the court found West's guideline range to be

the ten-year mandatory minimum on the cocaine count,[1] and sentenced West to ten years imprisonment on March 1, 2011.

The Fair Sentencing Act reduced the mandatory minimum associated with distribution of 50 grams or more of cocaine base from ten years to five years. Because West was sentenced after August 3, 2010, the court sentenced West to an improper mandatory minimum under *Dorsey*. Accordingly, West's motion to vacate under § 2255 is ALLOWED and West's sentence is hereby VACATED. The Clerk of Court is DIRECTED to schedule and notice a new sentencing hearing for West during the court's April 28, 2014 term of court[2] and notify the United States Probation Office to prepare a revised presentence report.

Although the *Dorsey* claim does not affect the sentence imposed on count five, the court recognizes that both the Government and defense counsel would likely have raised different arguments regarding the sentence for count five if the ten-year mandatory minimum was not applicable. As such, the court finds the most prudent course is to simply allow a full re-sentencing of the Defendant on both counts in light of the circumstances. *See United States v. Hillary*, 106 F.3d 1170, 1172 (4th Cir. 1997) (holding district court has jurisdiction to re-sentence on counts unaffected by the § 2255 claim when court allows habeas relief); *United States v. Barron*, 940 F. Supp. 1489, 1496 (D. Alaska 1996), *rev'd on other grounds*, 172 F.3d

---

[1] West also pleaded guilty to count five, felon in possession of a firearm. West received a seventy-month sentence on that count, to run concurrently with the ten-year mandatory minimum.

[2] If counsel believes West will be prejudiced by waiting until the April 28, 2014 term, the court is open to setting the sentencing for the March 31, 2014 term. The court set the hearing for April 28 to provide time for counsel and the United States Probation Office to prepare for the new hearing. Even if West is sentenced to the (revised) statutory minimum of five years, he would not be eligible for release until at least some time in 2015 by the court's calculation. And that does not even take into consideration the sentence for count five.

1153 (9th Cir. 1999) ("An attack on a part of the sentence is an attack on the whole sentence. Where such an attack is made, the Court, exercising § 2255 jurisdiction, should address the entirety of the conviction, should address the entirety of the sentence, and may, if relief is granted, resentence on all counts."). If counsel for the Government or defense counsel feel that the court is without authority to change the sentence on count five, they are free to present that theory at sentencing or in pre-sentencing memoranda filed with the court.

SO ORDERED.

This the 11th day of March, 2014.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge

3